**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

TAMI-LYN M. JANOCSKO

                                    Plaintiff,                    **COMPLAINT**

-against-

NIAGARA CREDIT SOLUTIONS, INC.

                                                                           **Civ. No: _____**

                                  Defendant.

The Plaintiff, TAMI-LYN M. JANOCSKO, by her attorneys Chiacchia & Fleming, LLP, Andrew P. Fleming, Esq., of Counsel, as and for her Complaint against the Defendant, hereby alleges:

1. This is an action brought to recover damages due to Defendant's sexual discrimination and retaliation against, and sexual harassment of, Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law.

2. Money damages, including back pay, front pay, punitive damages, compensatory damages and other appropriate legal relief are sought pursuant to said statutes.

## PARTIES

3. At all times hereinafter mentioned the Plaintiff, TAMI-LYN M. JANOCSKO (hereinafter referred to as "JANOCSKO" or Plaintiff) was and continues to be a resident of the County of Erie and the State of New York.

4. At all times hereinafter mentioned, and upon information and belief, the Defendant NIAGARA CREDIT SOLUTIONS, INC. (hereinafter referred to as "NIAGARA CREDIT") was and continues to be a domestic business corporation duly licensed to do business under the laws of and in the State of New York.

## ADMINISTRATIVE PROCEEDINGS

5. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission and New York State Division of Human Rights on or about November 21, 2008.

6. Plaintiff received her "Notice of a Right to Sue" from the EEOC on or about June 30, 2012. Plaintiff has exhausted her administrative requirements and this Complaint is timely.

## STATEMENT OF CLAIM

7. On May 1, 2005, JANOCSKO began her employment with NIAGARA CREDIT as its Vice President of Collections.

8. Prior to beginning her employment with NIAGARA CREDIT, JANOCSKO had over a decade of experience in the collections industry. JANOCSKO was, at all times, a qualified, hard-working, competent member of NIAGARA CREDIT's executive team.

9. Shortly after beginning her employment with Defendant, Daniel Czyrny ("CZYRNY"), NIAGARA CREDIT's Vice President of Sales & Marketing, began to make

inappropriate, sexual remarks to Plaintiff. Specifically, CZYRNY made comments about his sex life, openly viewed pornographic videos and images from his office computer and made comments about pornographic videos to Plaintiff.   Plaintiff was disgusted and offended by CZYRNY's conduct and asked him to stop, to no avail.   Plaintiff also complained to the other members of Defendant's executive team, and her superiors, Gary Blum ("BLUM"), Richard Neil ("NEIL") and John Janocsko ("JOHN JANOCSKO").   However, CZYRNY's conduct persisted.

10.     Emboldened by Defendant's inaction in response to Plaintiff's complaints, CZYRNY's sexual harassment continued and became more pervasive.   He would mimic renditions of pornographic videos he viewed on his computer for Plaintiff, who continued to complain and tried to avoid him. On one occasion, CZYRNY commented to Plaintiff that he "should take her to a conference because his clients like women with big boobs."   CZYRNY also bragged to Plaintiff that he had paid for prostitutes while entertaining clients in Las Vegas.   He shared intimate details of his sexual relationship with his wife with Plaintiff and made other sexually charged comments.   Plaintiff complained to CZYRNY and to the other members of Defendant's executive team to no avail.

11.     Despite her numerous verbal complaints to BLUM, NEIL and JOHN JANOCSKO, Defendant neither warned nor reprimanded CZYRNY.

12.     In contrast to CZYRNY, who earned significantly more money working for Defendant than Plaintiff despite their comparable duties and functions, JANOCSKO was increasingly given time-consuming clerical duties to perform and which took away from the core

objectives of her position, which were to supervise and manage Defendant's collections floor.

13.     Specifically, in addition to having Plaintiff manage its collections floor, Plaintiff was also made to do payroll, fill out employee medical forms and execute and review time and attendance forms, among other ministerial, secretarial functions.  Because CZYRNY did not perform the duties of his position adequately, and at times not at all, Plaintiff also assumed a variety of his duties, yet, received no additional compensation from Defendant for doing so and continued to earn far less than CZYRNY, whose sexual harassment of her persisted.

14.     Plaintiff repeatedly asked Defendant to reassign her ministerial tasks to a secretary or other paraprofessional employee so that she could concentrate primarily on managing the collections floor.  Defendant refused.  Meanwhile, CZYRNY continued to earn significantly more than Plaintiff while performing less work which was also poor in quality.  While Plaintiff's responsibilities increased, with no increased remuneration, CZYRNY was expected to perform less and continued to earn more than Plaintiff. Indeed, CZYRNY's non-performance of his job duties and his sexual harassment of Plaintiff were accepted by Defendant.

15.     CZYRNY was treated differently than Plaintiff, and more favorably, on the basis of his gender.

16.     On one occasion, Plaintiff slipped and fell outside of CZYRNY's office.  Instead of helping her up, he ran out of his office and took photographs of Plaintiff's breasts.  Plaintiff complained to Defendant regarding this incident, to no avail.

17. CZYRNY would also send obscene, sexual images to Plaintiff via the internet. Plaintiff complained to Defendant to no avail.

18. At all times, JANOCSKO found CZYRNY's conduct offensive, gross and sexually harassing. CZYRNY's conduct was unwanted, offensive sexual harassment against JANOCSKO and she continued to complain about it to Defendant.

19. When Plaintiff complained to JOHN JANOCSKO, Defendant's President, about CZYRNY's sexual harassment of her, JOHN JANOCSKO admitted that CZYRNY was "untouchable," and that BLUM and NEIL refused to acknowledge, much less investigate, her complaints and that they never would. JOHN JANOCSKO indicated to Plaintiff that BLUM and NEIL would always protect CZYRNY and that there was nothing he could do.

20. Despite being informed by JANOCSKO on numerous occasions about CZYRNY's sexually harassing and unlawful conduct, Defendant refused to take any investigatory or corrective action. Their inaction amounted to both a condonation and a sanctioning of CZYRNY's unlawful conduct.

21. CZYRNY's unlawful conduct persisted throughout Plaintiff's employment with Defendant. When Plaintiff would complain to Defendant about CZYRNY's unlawful conduct, she would receive additional tasks to perform, be subject to increased scrutiny and criticism, and, be blamed for personnel issues. In retaliation against her for complaining about CZYRNY, Defendant attempted to set Plaintiff up to fail.

22. Realizing that Defendant was not going to discipline CZYRNY or respond to her complaints of sexual harassment, Plaintiff did her best to avoid CZYRNY, making an effort to communicate with him using e-mail or other means rather than having to work with him directly.

23. Despite the hostile work environment that she was subjected to while employed by Defendant, JANOCSKO continued to perform the duties and responsibilities of her position capably and effectively. She managed Defendant's collections floor, fulfilled her administrative duties, recruited and retained collectors, and, assisted with recruitment efforts when it became clear that CZYRNY was not fulfilling his assigned, primary role regarding recruitment. Additionally, JANOCSKO solicited and secured new business for NIAGARA CREDIT to its financial benefit.

24. JANOCSKO complained on numerous occasions about CZYRNY's sexual harassment. However, NIAGARA CREDIT failed to take appropriate corrective action, leading to a worsening of CZYRNY's sexual harassment. Instead of reprimanding CZYRNY, Defendant micro-managed and criticized Plaintiff in retaliation for her speaking out regarding CZYRNY's conduct.

25. On August 21, 2008 NIAGARA CREDIT terminated JANOCSKO. Within an hour, Ron Morano ("MORANO"), JANOCSKO's male replacement and CZYRNY's best friend, was introduced to Defendant's employees. The administrative duties that were previously JANOCSKO's responsibility were given to another female employee, leaving MORANO free to

perform the core duties of the Vice President of Collections position.

## FIRST CAUSE OF ACTION-SEXUAL DISCRIMINATION

26. Plaintiff repeats and realleges paragraphs "1" through "25" of this Complaint with the same force and effect as if fully set forth herein.

27. Defendant's actions, as above described, evidence Defendant's gender based discrimination against Plaintiff.

28. Plaintiff has suffered emotional harm as a result of Defendant's actions and inactions. The discrimination she was subjected to at NIAGARA CREDIT was blatant and unjustified and damaged her physically, mentally and professionally. She was discriminated against because of no other reason than her gender and her complaints of sexual harassment. The pervasive and persistent discrimination she was subjected to at NIAGARA CREDIT violated Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law.

29. JANOCSKO has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief and an award, *inter alia*, of back pay, front pay, and compensatory damages against Defendant, all pursuant to Title VII of the Civil Rights Act of 1964 and the Human Rights Law.

30. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION-SEXUAL HARASSMENT

31. Plaintiff repeats and realleges paragraphs "1" through "30" of this Complaint with the same force and effect as if fully set forth herein.

32. Defendant's actions, as above described, evidence the Defendant's sexual harassment of Plaintiff.

33. Plaintiff has suffered emotional harm as a result of Defendant's actions and inactions. The sexual harassment she was subjected to at NIAGARA CREDIT was blatant and unjustified and damaged her physically, mentally and professionally. The severe and pervasive sexual harassment she was subjected to at NIAGARA CREDIT violated Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law.

34. JANOCSKO has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendant's sexual harassment unless and until this Court grants relief and an award, *inter alia*, of back pay, front pay, and compensatory damages against the Defendant, all pursuant to Title VII of the Civil Rights Act of 1964 and the Human Rights Law.

35. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION-RETALIATION

36.    Plaintiff repeats and realleges paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein.

37.    Defendant's actions, as above described, evidence the Defendant's retaliation against Plaintiff.

38.    Plaintiff has suffered emotional harm as a result of Defendant's actions.   The retaliation she was subjected to by NIAGARA CREDIT was blatant and unjustified and damaged her physically, mentally and professionally.   The retaliation she was subjected to at NIAGARA CREDIT violated Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law.

39.    JANOCSKO has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendant's retaliation unless and until this Court grants relief and an award, *inter alia*, of back pay, front pay, and compensatory damages against the Defendant, all pursuant to Title VII of the Civil Rights Act of 1964 and the Human Rights Law.

40.    Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

(A) An award of damages, including back pay, front pay, and compensatory damages, in such amounts to be determined by the trier of fact on each Cause of Action;

(B) A Declaratory Judgment that Defendant unlawfully discriminated against, sexually harassed and retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law;

(C) An award of punitive damages; and

(D) An award of costs and disbursements necessary to this action, attorneys' fees, and for such other relief as this Court deems just and proper.

Dated: July 24, 2012
      Hamburg, New York

    /s/Andrew P. Fleming
Andrew P. Fleming, Esq.
**CHIACCHIA & FLEMING, LLP**
*Attorneys for Plaintiff*
5113 South Park Avenue
Hamburg, New York 14075
Telephone: (716) 648-3030
andy@cf-legal.com